AO 241   (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*13-CV-933A*

| **United States District Court** | District Western District of New York |
|---|---|
| Name KEVIN R. LEWIS JR | Prisoner No. 08B0226   Case No. 2006/0841 |
| Place of Confinement AUBURN CORRECTIONAL FACILITY | *13CV8933A* |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| KEVIN R. LEWIS JR.   V.   | HAROLD H. GRAHAM |
| The Attorney General of the State of: ERIC T. SCHNEIDERMAN | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Monroe County Supreme Court 545 HALL OF JUSTICE, 99 Exchange Blvd.

2. Date of judgment of conviction   November 29, 2007 and December 13, 2007

3. Length of sentence   65 years to Life

4. Nature of offense involved (all counts)   Murder in the Second degree (count 1); Criminal Possession of a Weapon in the Second Degree (count 2); Criminal Possession of a Weapon in the Third Degree (count 3); Attempted Murder in the Second degree   see attached (cont. 2b)

5. What was your plea? (Check one)
   (a) Not guilty   ☑
   (b) Guilty   ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   *[stamp:]* UNITED STATES DISTRICT COURT   FILED   SEP 17 2013   MICHAEL J. ROEMER, CLERK   WESTERN DISTRICT OF NY

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☑
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes   ☐   No   ☑

8. Did you appeal from the judgment of conviction?
   Yes   ☑   No   ☐

(count 4); Robbery in the First Degree (count 5); Robbery in the First Degree (count 6); Assualt in the First Degree (count 7); Assault in the First Degree (count 8); Burglary in the First Degree (count 9); Burglary in the First Degree (count 10); Criminal Possession of a Weapon in the Third Degree (count 11); Criminal Possession of A Weapon in the Second Degree (count 12).

AO 241    (Rev. 5/85)

9.    If you did appeal, answer the following:

(a) Name of court   Supreme Court, Appellate Division Fourth Dept. N.Y.

(b) Result   Affirmed

(c) Date of result and citation, if known   March 23, 2012   93 A.D. 3d 1264

(d) Grounds raised   (Supplement Pro-Se Brief) The Court erred in admitting in evidence the statement of the (cont. 3b)
C, d

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court   Court of Appeals of New York

(2) Result   Denied

(3) Date of result and citation, if known   19 N.Y. 3d 963   June 8, 2012

(4) Grounds raised   Petitioner attempted to show the Court of Appeals that the 4th Dept. ruling was erroneous
(cont. 3E, F, G, H, I)

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _____

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ☒    No ☐

11.   If your answer to 10 was "yes," give the following information:

(a) (1) Name of court   Monroe County Supreme Court

(2) Nature of proceeding   440.10

(3) Grounds raised   Petitioner was deprived of Due Process under the Federal and New York State Constitution

murder victim to a police officer shortly after the shooting under the excited utter-ance exception to the hearsay rule. (2) The defendant was denied his right to testify before the Grand Jury. (3) The defendant was denied a prompt preliminary hearing.

## GROUNDS RAISED BY APPELLATE ATTORNEY

(4). Petitioner statements were involuntary due to the totality of the circumstances of his interrogation, including insufficient Miranda waiver, lengthy interrogation, and coercion by threats to incarcerate his girlfriend.

pg. 3B

(5) The successive photo arrays were un-duly suggestive because Petitioner's photo array appeared in the SAme position in both arrays and the arrays were shown to the identifying witness in a very short time span. (6) The ver-dict of guilty on the charge of mur-der in the second degree was against the weight of the evidence, because the testimony of a key witness, Lashunda Robertson, was Not credible due to the fact that she changed her account of events multiple times. (7) The judgment

ps. 3 C

of conviction on all counts should be reversed and the matter remitted for new trial because Petitioner did not receive the effective assistance of counsel due to trial counsel's failure to obtain a ballistics expert in order to refute the expert testimony offered by the people. (8). Petitioner total aggregate sentence of sixty five (65) years to Life was harsh and excessive and should be reduced or modified in the interest of justice.

and reversal is required when the lower

Court allowed undisclosed testimony into

evidence without an evidentary hearing

being held to determine the admissability

of a Dying Declaration or Excited Utterance

statement.

Grounds Raised : Petitioner attempted to

show the Court of Appeals that the

4th dept. ruling was erroneous and rev-

ersal is required when Prosecutor failed

to Notify the Petitioner that action was

taken to the Grand Jury; The Material

was Not dehor the record; the Petitioner

pg. 3E

was incustody and without counsel; when

a sealed indictment was filed.

Grounds Raised: Petitioner attempted to

show the Court of Appeals that the

4th dept. erroneously ruled that the

Petitioner did not suffer prejudice when

the Prosecutor waived the Petitioner prelim-

inary hearing.

Grounds Raised: Appellate Counsel att-

empted to prove to the Court of Appeals

that the 4th dept. erroneously ruled

Petitioner incriminating statement was vol-

untary, lengthy interrogation was Not a

pg. 3F

mitigating factor, Miranda Waiver was valid,
and using threats to incarcerate Petitioner's
girlfriend (loved one) was valid Police
strategy.

Grounds Raised: Appellate Counsel attemp-
ted to prove to the Court of Appeal
that the 4th dept. Appellate Division
erroneously ruled there was No foul
when investigators showed identifying
witness successive photo arrays were
Petitioner appeared in the same sequence
in both photo arrays, and the photo
arrays were shown to the identifying

witness in a very short span.

Grounds Raised: Appellate Counsel

attempted to prove to the Court of

Appeals that the 4th dept. Appellate

Division erroneously ruled; That the

verdict of guilt on the Murder charge

was Not against the weight of evidence.

Grounds Raised: The Appellate Counsel

attempted to prove to the Court of App

eals the 4th dept. Appellate Division

erroneously ruled; Counsel failure to call

an expert ballistics witness at either

of the two trials was Not ineffective

pg. 3H

assistance of Counsel.

<u>Grounds Raised</u> : Appellate Counsel attempted to prove to the Court of Appeals that the 4th dept. Appellate Division erroneously ruled Petitioner was Not sentenced to a hefty sentence because he exercised his right to goto trial.

AO 241    (Rev. 5/85)

*by the prosecution's failure to disclose Brady and - or Rosario material in the form of Documentary evidence showing that the victim identified* (Cont. 4B, C, D)

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐    No ☒

(5) Result    *UNKnowN*

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Name of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.    Yes ☐    No ☐

(2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

another suspect in a photo array six days after the crime occured.

<u>Grounds Raised</u>: Petitioner's due process rights were violated when trial Judge abused his discretion by improperly refusing defendant's pro-se motion which defense counsel categorized as meritorious, and also by giving advice to defense counsel related to alibi witness

<u>Ground Raised</u>: Defendant was deprived of due process under the Federal and New York State Constitution by the prosecution's failure to disclose Brady

Pg. 4B

material consisting of duplicate DNA

material and one of two buccal swabs

retrieved from Petitioner.

Grounds Raised : The Petitioner was dep-

rived of the effective assistance of

trial counsel when trial counsel failed

to call expert witness Gary R. Skuse Phd.

to testify on Petitioners behalf regarding

DNA evidence introduced at trial; (2)

Failure to retrieve one of two buccal

swab for independent DNA testing; (3)

Call victim identification expert to testify

on defendant's behalf regarding eyewitness

pg. 4C

reliability; (4) Present alibi defense —
as was promised to the jury during open-
ing statement; and (5) Failure to submit
LaShunda's recantation statement into
evidence. The cumulative weight of trial
Counsel's egregious failures seriously pre-
judice defendant and his right to a
fair trial.

AO-241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

A.  Ground one: Petitioner conviction was obtained by use of coerced confession / self-incrimination.

Supporting FACTS (state *briefly* without citing cases or law): Under the circumstances of this case, the Petitioner falsely incriminated himself, when the Police threatened to arrest the Petitioner girlfriend and subject her children to Foster Care.

B.  Ground two: Petitioner conviction was obtained by unduly suggestiveness photo array

Supporting FACTS (state *briefly* without citing cases or law): The Court erred in refusing to suppress on eyewitness identification of Petitioner from a photo array, because the witness was shown two seperate photo array's that contained the Petitioner in the same sequence in each photo array; In a time period of two-days in between each photo array.

AO 241  (Rev. 5/85)

C. Ground three: Petitioner's conviction was obtained by the prosecutor failure to disclose any and all statements to defense.

Supporting FACTS (state *briefly* without citing cases or law): During the trial the Prosecutor called a Police Officer testify that the murder victim gave an excited utterance / Dying declaration. The defense objected, because the Prosecutor failed to disclose during discovery. Consequently, the Court overruled and allowed testimony into evidence.

D. Ground four: Petitioner conviction obtained by Prosecutor denying Petitioner his statutory right to testify at the Grand Jury.

Supporting FACTS (state *briefly* without citing cases or law): After the arraignment the Prosecutor had in secret moved the criminal proceeding to the Grand Jury, and presented uncharge crimes to the Grand Jury without notifying the Petitioner who was in custody, and without assigned counsel when the Prosecutor had secretly filed uncharge crimes against him. (cont. 6B, C, D, E, F, G, H, I)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐    No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing Petitioner was without Counsel; Prosecutor waived Petitioner Preliminary hearing without Petitioner consent

(b) At arraignment and plea During arraignment; Mr. Conaty Jr. (deceased)

E. <u>Ground Five</u>: Petitioner sentence was imposed harsh and excessively, because Petitioner exercised his right to go to trial.

<u>Supporting Facts</u>: The Petitioner was originally coerced into accepting a plea against his will, subsequently the Petition-er moved Pro-se inorder to recind plea of guilt. Consequently, the Court indig-nation grew toward the Petitioner and forewarned the Petitioner if found guilty he would sentence Petitioner to more than 50 years in Prison.

Pg. 6 B

F.  <u>Ground Six</u> : Petitioner Due Process rights

were violated when Prosecutor waived the

Petitioner Preliminary hearing.

<u>Supporting Facts:</u> On the date of the

Preliminary hearing the Petitioner was with-

out confirmed counsel, and the hearing was

intended to be postpone inorder to secure

a Counselor for petitioner, but instead the

Prosecutor had secretly waived the Petitioner

~~Preliminary~~ hearing without petitioner

consent, and filed a certificate to indict.

G. <u>Ground Seven</u> : Petitioner was denied eff-
ective assistance of counsel, when counsel
failed to call an expert witness to testify
on petitioner behalf.

<u>Supporting Facts</u> : Counsel hired an expert
forensic biologist to review the Prosecutor
expert witness laboratory Notes. IN his
findings he discovered several discrepancies.
During the trial the Prosecutor expert witness
misrepresented the DNA findings to largely
incriminate the Petitioner. Counsel failure to
call his expert witness to rebutt the people's
expert witness showed counsel possessed

pg. 6 ⓪

little understanding of DNA analysis, and
how an expert might interpret them; during
cross-examination.

H. <u>Ground Eight</u>: Petitioner was denied effec-
tive assistance of counsel when, counsel
failed to retrieve one of two buccal swab
and duplicate DNA material for independent
testing.

<u>Supporting Facts</u>: Counsel failed to retrie-
ve one out of two buccal swab and
Duplicate DNA material in order to have
independent testing done. During the
trial the defense was unable to eff-

Pg. 6 E

ectively cross examine the people expert

witness, present evidence, and expert test-

imony of their own.

I. Ground Nine : Petitioner was denied

effective assistance of counsel when

counsel failed to call victim identificat-

ion expert.

Supporting Facts : During trial counsel in-

troduce the theory that victim trauma

may cause misidentification, but counsel

did not call on expert witness to testify

on behalf of the Defense.

J. <u>Ground Ten</u>: Petitioner was denied effective assistance of counsel when counsel failed to Present Alibi Defense.

<u>Supporting Facts</u>: In counsel opening statement he told the Jury the defense would present a defense, but Counsel abandoned his defense strategy chose Not to call defense witnesses based on Trial Judge comments.

K. <u>Ground Eleven</u>: Petitioner was denied effective assistance of Counsel when counsel failed to submitt witness recantation statement into evidence.

<u>Supporting Facts</u> : During the Cross- examin-
ation counsel introduced witness recantation
statement to discredit witness testimony.
During the deliberation the Jury wanted
to receive the exhibit, but the Court
denied the Jury request, because the
exhibit was Not received into evidence.
Therefore Counsel's omissions prejudice the
defendant from a right to fair trial; by
Preventing the Jury from fully evaluating the
witness testimony.

AO 241    (Rev. 5/85)

(c) At trial _Mr. Owens esq, Attorney at Law 45 Exchange Blvd. Rochester, NY 14614_

(d) At sentencing _Mr. Owens esq. Attorney at Law 45 Exchange Blvd. Rochester New York 14614_

(e) On appeal _Lorenzo Napolitano One East Main Street Suite 711 Attorney at Law Rochester New York 14614_

(f) In any post-conviction proceeding _Pro-Se 440. Motion Kevin R. Lewis Jr. Auburn Correctional Facility P.O. Box 618 Auburn NY 13024_

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _January 4, 2008; 65 years to Life_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_9-3-2013_
Date

_Kevin R. Lewis Jr._
Signature of Petitioner

(7)